## No. 9385.

### SALLIE C. DAY AND HUSBAND VS. NEW ORLEANS PACIFIC RAILWAY COMPANY.

Under a consolidation of two railroad companies, the corporation thus formed is alone responsible for all damages resulting from acts committed or works made since the act of consolidation, although the road bed alleged to have caused the damages claimed, was the property of, and had been begun by, one of the companies which went into consolidation.

Hence the New Orleans Pacific Railway Company cannot be held in damages alleged to have resulted from works made by the consolidated company, after the 20th. of June, 1881, a which time it was merged into the Texas and Pacific Railway Company.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*White & Thornton* for Plaintiff and Appellant.

*Kennard, Howe & Prentiss*, and *Mosely & Foster* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Defendant is sued for $5000 damages alleged to have been caused by the construction of its road bed on plaintiff's plantation, the drainage of which was impeded by the stopping and filling up of necessary ditches and natural drains, causing damages in the amount claimed, during the years 1882 and 1883.

Among other defences, the corporation pleaded by way of exception:

1. That said corporation was consolidated with, and merged into the Texas and Pacific Railway Company, under date of June 20, 1881, since which time the works complained of were made by the latter company, which alone could be held liable in damages therefor.

2. The prescription of one, two, three, four, and five years, in case that any damages could be attributed to the defendant company.

Plaintiff appeals from a judgment, maintaining said exceptions, and non-suiting plaintiff.

The record shows the alleged transfer of the defendant's road and franchises to the Texas and Pacific Railway Company, under date of June 20, 1881, and that under the act of consolidation, the defendant company reserved its separate corporate existence for certain specific purposes therein stipulated. It also appears from the record that from the date aforesaid, the road begun by the defendant has been completed and has been continuously used and operated by the Texas and Pacific Railway Company. Under such a showing, the solution of the only question presented by this appeal is stripped of all difficulty. Plain-

tiff's own evidence shows that the road-bed on her plantation was begun as far back as the year 1875, but that the work was abandoned before the gaps or springs, which had been left for the running of the waters, had been closed, as was subsequently done by the "Texas and Pacific." That the work was resumed under the control of the latter company, after the month of June 1881, and was completed in the year 1882, when the road went into operation.

The evidence shows beyond a doubt, that no impediment was, or could be, caused to the drainage on plaintiff's plantation, through or by the works begun by this defendant, or before the closing up of the gaps or openings which had been left on her plantation under the defendant's directions.  In the case of Hotard et al. vs. the Texas and Pacific Railway Company, 36 Ann. 450, we held that company responsible, because the acts complained of, and resulting in damages to plaintiff, had been committed since the act of consolidation above referred to. It follows as a corollary from the proposition therein established, that in all similar cases the same company is alone liable.

Hence we are driven to the conclusion that in the instant case, the defendant company cannot be held liable for damages resulting from acts committed by its successor, which; as a corporation, is as distinct from the defendant as the two companies were from each other previous to the act of consolidation, and that, therefore, planitiff has sued the wrong defendant.

We note the argument which her counsel draw from Articles 236 and 246 of the Constitution.  But we fail to perceive its application to the issue which now concerns us.

Article 236 provides that: " No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the State, upon whom process may be served."  Article 246 reads: " If any railroad company, organized under the laws of the State, shall consolidate, by sale or otherwise, with any railroad company organized under the laws of any other State, or of the United States, the same shall not thereby become a foreign corporation, but the courts of this State shall retain jurisdiction in all matters which may arise, as if said consolidation had not taken place."

The text of the two articles shows of itself that the purport of neither article has any bearing on the fundamental question of liability or responsibility in the premises, but that both have reference exclusively to the mode or manner of judicially determining such responsibility, when shown or claimed to exist under other legal or constitutional provisions.

The argument that the Texas and Pacific Railway, as now organized, is a foreign company, is answered by Art. 246, which provides that the corporation formed by means of a consolidation does not become a foreign company. To the complaint that the Texas and Pacific Railway Company has no known agent or agents in this State, upon whom process could be served, we answer that the case of Hotard hereinabove referred to, strongly suggests that plaintiff and her counsel must be in error.

The views which we have taken of the first ground of defendant's exception obviate the necessity of discussing the second ground which involves the question of prescription.

Resting our conclusions exclusively on the first exception, we find no error in the decree of the district judge.

Judgment affirmed.